UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,
    Plaintiff,

vs.                                              Case No.:  3:21cv708/MCR/EMT

C. STEENE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis (IFP).  He also did not file his complaint on the proper form.  The court thus entered an order directing Plaintiff to either pay the filing fee or obtain leave to proceed IFP and file an amended complaint on the court form within thirty days (ECF No. 3).  The undersigned directed the clerk of court to send Plaintiff a § 1983 complaint form and the correct set of forms needed for filing a motion to proceed IFP and advised Plaintiff that failure to comply with the order would result in a recommendation that the case be dismissed.

    On May 5, 2021, the court received from Plaintiff an amended complaint (ECF No. 6).  Plaintiff did not, however, pay the filing fee or submit an IFP motion.

The court thus entered an order on June 4, 2021, directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 8).

Plaintiff then submitted a document titled "Reply to Show Cause of Action of Consolidated Racketeering," which contained multiple case numbers and therefore was returned to Plaintiff without filing (*see* ECF No. 9). In the order directing that the deficient document be returned to Plaintiff, the undersigned extended the deadline for filing a response to the show cause order to July 22, 2021 (*see id.*).

The same day the clerk's office received Plaintiff's deficient reply, it received a notice of change of address from Plaintiff, which also contained multiple case numbers and thus was returned to Plaintiff without filing (*see* ECF No. 10). The undersigned nevertheless directed the clerk of court to update Plaintiff's address on the docket to ensure Plaintiff received all documents sent to him by the clerk of court (*see id.*).

Because it was not clear Plaintiff received a copy of the order extending the deadline to respond to the show cause order, on August 24, 2021, the undersigned entered an order (ECF No. 11) directing the clerk of court to send a copy of the order of July 1 (ECF No. 9) to Plaintiff at his current address of record—Lake Correctional

Institution—and allowed Plaintiff an additional thirty days from the date of the order in which to respond to the order to show cause (ECF No. 11).  The undersigned advised that in the event Plaintiff failed to demonstrate good cause for not having paid the filing fee or filed an IFP motion, the undersigned would recommend, without further notice, that the case be dismissed.

On September 20, 2021, Plaintiff filed a "Reply to Show Cause of Action" (ECF No. 12), in which Plaintiff states he is "a forensic mental health patient hold captive [sic] unlawfully within the jurisdiction of Fla. Dept. of Corrections . . . holding [Plaintiff] captive . . . [and] interfering patient communication lines because of illegal operations within the department" (*id.* at 1).  Plaintiff did not address his failure to pay the filing fee or file an IFP motion, much less demonstrate good cause for the same.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be dismissed without prejudice for failure to comply with an order of the court.

2. That the clerk of court be directed to close this case.

At Pensacola, Florida, this 6th day of October 2021.

Case No.:  3:21cv708/MCR/EMT

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.:  3:21cv708/MCR/EMT